IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO FABILA, § | |
| TDCJ-CID NO.1186827 § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-3314 |
| § | |
| DOUG DRETKE, Director of the § | |
| Texas Department of Criminal § | |
| Justice- Correctional Institutions Division, § | |
| Respondent. § | |

OPINION ON DISMISSAL

Petitioner Alberto Fabila, a state inmate in custody of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"), seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a state court felony conviction. (Docket Entry No.1). Respondent has filed a motion for summary judgment on the ground that petitioner has not exhausted his state remedies with regard to the issue, upon which petitioner seeks federal habeas review. (Docket Entry No.7). Petitioner has filed a response to the motion. (Docket Entry No.10). Because the record shows that petitioner has failed to exhaust his state court remedies, the Court will grant respondent's motion for summary judgment and dismiss this action.

Background

Petitioner reports that, on February 6, 2002, he was convicted in the 338th District Court of Harris County, Texas, of aggravated assault with a deadly weapon on a public servant in cause number 873,930 and sentenced to six years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). On direct appeal,

petitioner challenged the legal and factual sufficiency of the evidence to support his conviction, the denial of an objection to hearsay testimony, and the constitutional effectiveness of his trial counsel. (Docket Entry No.9, Part 3, *Fabila v. State*, No.14-02-00202-CR, Appellant's Original Brief). The Fourteenth Court of Appeals for the State of Texas affirmed the conviction. (*Id.*, Part 1, *Fabila v. State*, No.14-02-00202-CR (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd) (not designated for publication)). Petitioner filed a Petition for Discretionary Review, challenging the factual sufficiency of the evidence to support his conviction. (*Id.*, *Fabila v. State*, No. 635-03, Appellant's Petition for Discretionary Review). The Texas Court of Criminal Appeals refused the Petition for Discretionary Review on June 25, 2003. (Docket Entry No.7). Petitioner did not seek state habeas relief.

Petitioner filed this habeas action on August 19, 2004. He seeks federal habeas relief on the ground that the state district court erred in failing to sustain his objection to hearsay testimony. (Docket Entry No.1).

## Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

>   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>       (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Respondent moves for summary judgment on the ground that petitioner did not present the issue of the alleged trial error regarding the hearsay objection to the Texas Court of Criminal

3

Appeals in his Petition for Discretionary Review and thus, has presented an unexhausted claim in his federal habeas petition. (Docket Entry No.7). The record shows that petitioner raised the issue of the hearsay objection in his Original Brief to the Fourteenth Court of Appeals, but he did not raise it in his Petition for Discretionary Review to the Texas Court of Criminal Appeals. Because the Texas Court of Criminal Appeals did not have the opportunity to consider the merits of petitioner's claim, the claim presented in the pending petition is unexhausted. Therefore, the petition is subject to dismissal under 28 U.S.C. § 2254.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander*

*v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## Conclusion

For these reasons, the Court ORDERS as follows:

1. Respondent's motion for summary judgment (Docket Entry No.7) is GRANTED.

2. The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3. A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on this 21st day of June, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE